IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Columbia International University, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:24-cv-00591-SAL _____ |
| Plaintiff, | | |
| vs. | | **DEFENDANT'S NOTICE OF REMOVAL** |
| John Hancock Life Insurance Company (U.S.A.), | | |
| Defendant. | | |

TO THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant John Hancock Life Insurance Company (U.S.A.) ("Defendant") hereby removes this action from the Court of Common Pleas of the Fifth Judicial Circuit in the County of Richland, South Carolina, to the United States District Court for the District of South Carolina. Removal is based on 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

## COMMENCEMENT AND SERVICE

1. On or about January 16, 2024, Plaintiff Columbia International University ("Plaintiff") filed a Complaint in the Court of Common Pleas, Fifth Judicial Circuit, Richland County in the State of South Carolina, entitled *Columbia International University v. John Hancock Life Insurance Company (U.S.A.)*, C/A No. 2024-CP-40-00269 (the "Complaint").

2. The Complaint asserts causes of action for (a) breach of contract; (b) conversion; (c) breach of fiduciary duty; (d) specific performance; (e) breach of the duty of good faith and fair dealing; and (f) insurance bad faith.

1

3. On information and belief, on January 23, 2024, pursuant to S.C. Code Ann. § 38-5-70, the Director of Insurance was served with the Summons and Complaint.

4. On January 31, 2024, Defendant received the Summons and Complaint from the Director of Insurance.

## GROUNDS FOR REMOVAL

5. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this Court has subject matter jurisdiction over this action and Defendant has satisfied the procedural requirements for removal.

### A. Subject Matter Jurisdiction

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. There is complete diversity of citizenship because Plaintiff is a citizen of South Carolina, while Defendant is a citizen of Michigan and Massachusetts.

8. Plaintiff is, and at the time of the commencement of this suit was, a South Carolina corporation with its principal place of business in Richland County, South Carolina. Compl. ¶ 1, attached as Exhibit A. Plaintiff is, therefore, a citizen of South Carolina.

9. Defendant is, and at the time of the commencement of this suit was, a corporation organized under the laws of Michigan with its principal place of business in Massachusetts. Defendant is, therefore, a citizen of Michigan and Massachusetts.

10. Because Plaintiff is a citizen of South Carolina and Defendant is a citizen of Michigan and Massachusetts, complete diversity exists between Plaintiff and Defendant. *See* 28 U.S.C. §§ 1332, 1441.

11.     Plaintiff's claims also satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a).  Plaintiff alleges that the life insurance policy at issue contained a death benefit of $500,000, but that because of Defendant's allegedly unlawful conduct, the policy lapsed.  Compl. ¶¶ 8, 28, 53.  Although Defendant denies any liability and denies that it is responsible for Plaintiff's alleged damages, it is clear, based on Plaintiff's characterization of its alleged damages, that the amount in controversy exceeds $75,000 exclusive of interests and costs.

B. **Procedural Requirements for Removal.**

12.     Venue is proper in this Court because the United States District Court for the District of South Carolina is the Judicial District in which Plaintiff's Richland County Court of Common Pleas action is pending.  *See* 28 U.S.C. §§ 121(2), 1391, 1441(a), and 1446(a).

13.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the action is being removed within thirty days of Defendant's receipt of the summons and complaint from the Director of the South Carolina Department of Insurance on January 31, 2024.  *See Southampton Pointe Prop. Owners Ass'n, Inc. v. OneBeacon Ins. Co.*, No. 2:12-CV-3035, 2012 WL 13005837, at *2 (D.S.C. Nov. 7, 2012) (ruling that the "thirty day period for filing a notice of removal begins running when the foreign insurance company receives the summons and complaint from the Director of the South Carolina Department of Insurance").

14.     Contemporaneously with the filing of this Notice of Removal, written notice of the removal will be served on Plaintiff's counsel as required by 28 U.S.C. § 1446(d).  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for Richland County Court of Common Pleas.  *See* 28 U.S.C. § 1446(d).

15.     As required by 28 U.S.C. § 1446, copies of all applicable process and pleadings in the state court action are attached as **Exhibits A** and **B**.

WHEREFORE, the above-entitled action is hereby removed from the Richland County Court of Common Pleas to the United States District Court for the District of South Carolina.

Respectfully submitted on February 5, 2024.

                        SOWELL & DuRANT, LLC

                        By:    s/Caroline D. Gimenez-Kaushik
                                 Thornwell F. Sowell III, Fed Bar No. 4244
                                 bsowell@sowelldurant.com
                                 Caroline D. Gimenez-Kaushik, Fed Bar No. 12743
                                 cgimenez@sowelldurant.com
                                 1325 Park Street, Suite 100
                                 Columbia, South Carolina 29201
                                 (803) 722-1100

***Attorneys for Defendant John Hancock Life Insurance Company (U.S.A.)***

February 5, 2024
Columbia, South Carolina

4