ELECTRONICALLY FILED - 2024 Jan 16 3:02 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4000269

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | Civil Action No.: 2024-CP-40- |
| ) | |
| Columbia International University, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| John Hancock Life Insurance Company ) | EXHIBIT A |
| (U.S.A.), ) | |
| ) | |
| Defendant. ) | |

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said complaint on the subscribed, **Mike Kelly Law Group, LLC., 1523 Huger Street, Suite A, Post Office Box 8113, Columbia, South Carolina 29202**, within **THIRTY (30)** days after the service hereof, exclusive of the date of such service. If you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully Submitted,

MIKE KELLY LAW GROUP, LLC

BY:    *s/Brad D. Hewett*
Brad D. Hewett, SC Bar No. 77924
bhewett@mklawgroup.com
1523 Huger Street, Suite A (29201)
PO Box 8113
Columbia, SC 29202
803/726-0123 office
Attorney for Plaintiff

Columbia, South Carolina
January 16, 2024

1

ELECTRONICALLY FILED - 2024 Jan 16 3:02 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4000269

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | Civil Action No.: 2024-CP-40- |
| ) | |
| Columbia International University, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| John Hancock Life Insurance Company ) | |
| (U.S.A.), ) | |
| ) | |
| ) | |
| Defendant. ) | |

Plaintiff would respectfully show unto this Honorable Court that:

**JURISDICTION AND VENUE**

1. Plaintiff Columbia International University (hereinafter "CIU") is a private Christian university based in Richland County, South Carolina.

2. Defendant John Hancock Life Insurance Company (U.S.A.) (hereinafter "John Hancock") is a corporation that is licensed to do business in the state of South Carolina and is domiciled in the state of Massachusetts. John Hancock offers life insurance products, including the Survivorship Universal Life Policy described herein.

3. Defendant John Hancock is the insurer of Survivorship Universal Life Policy No. 58867243 (hereinafter "Policy").

4. Plaintiff is the owner of the Policy.

5. Edwin S. Walker, III and Mary F. Walker are the named insureds of the Policy.

6. Defendant John Hancock is vicariously liable for the acts or omissions of its employees, agents, servants, and/or contractors under the doctrine of *respondeat superior*.

7. Jurisdiction and venue are proper over the Defendant.

2

ELECTRONICALLY FILED - 2024 Jan 16 3:02 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4000269

## FACTUAL ALLEGATIONS

8. In 2001, Edwin and Mary Walker obtained the Policy, which included a death benefit of $500,000.00.

9. From 2001 through 2022, a total of $198,072.00 in premiums were paid on the Policy.

10. Under the terms of a universal life insurance policy, a policyholder pays variable premiums that are deposited into an accumulation account (sometimes referred to as the "cash value" or "accumulation value"). In turn, an insurer will credit and deposit a specified amount of interest on the accumulation account and withdraw the costs for the policy, including the cost of insurance ("COI") and other expense charges.

11. Defendant's ability to increase COI rates is limited by the Policy.

12. Under the Policy, the "rates for the Cost of Insurance as of the Policy Date and subsequently for each increase, are blended and based on the Lives Insured's Age, sex, Risk Classification and the duration the coverage has been in force."

13. The Policy further provides that Defendant "will re-determine Cost of Insurance rates from time to time on a basis that does not discriminate unfairly within any class of lives insured."

14. The Policy contained an Extended No Lapse Guarantee with a duration of 26 years and expiration of October 6, 2026.

15. The Policy accumulated significant cash value, at one point exceeding $130,000.00.

16. The cash value of the Policy was used to satisfy the annual premiums and fees owed on the Policy.

17. Despite the limitations on Defendant's ability to adjust or increase COI rates, the annual COI charge deducted by Defendant on the Policy escalated from $115.32 in 2001, the first year of the Policy, to **$37,083.39** in 2021.

18. From 2015 through 2021, Defendant assessed COI charges of **$162,766.19** against the Policy, deducting this amount from the cash value of the policy. These charges were in addition to the $198,072.00 in premium payments that Defendant received for the Policy.

19. The COI rates charged by Defendant on the Policy for 2021 increased by nearly **300%** from the 2015 rate.

20. The COI rates charged by Defendant on the Policy in 2021 increased by over **32,000%** since the issuance of the Policy.

21. By 2021, Defendant had extinguished nearly all the cash value of the Policy by deducting exorbitant COI charges from the Policy, conduct that violated the terms of the insurance contract.

22. Defendant does not have a valid basis for the increased COI rates.

23. Future mortality expectations could not have supplied the basis for Defendant's massive COI rate increase because mortality expectations underlying the initial COI rate for the Policy could have only substantially improved since the Policy was issued.

24. Since the 2001 Commissioners Standard Ordinary Smoke or Nonsmoker Mortality Table ("CSO") was published, The Society of Actuaries ("SOA") and the American Academy of Actuaries have periodically published, from surveys of life insurers, new tables showing continued consistent and significant mortality improvement.

25. Other surveys of insurers conducted by the SOA between 2002 and 2009 also show that mortality has steadily decreased since issuance of the 2001 CSO Mortality Table.

4

26. Future mortality expectations called for Defendant to decrease COI rates, not raise them by over **32,000%** since the issuance of the Policy.

27. Defendant unreasonably and improperly eradicated the cash value of the Policy through its excessive COI charges. As a result, there was an insufficient cash value to apply toward the Policy's premiums and fees.

28. Defendant claims that it did not receive a premium payment on the Policy due in 2021. As a result of its claim that no premium payment was made and because Defendant had siphoned all of the cash value from the Policy, Defendant informed Plaintiff that the Policy had lapsed.

29. Even assuming Defendant did not receive a timely premium payment for the Policy in 2021, the Policy would have possessed enough cash value to use toward the payment of any Premium to keep the Policy in force if Defendant had not misappropriated the cash value by deducting excessive COI charges.

30. The Policy also contained a No-Lapse Guarantee and Cumulative Premium Test that was satisfied and operated to keep the Policy in force, regardless of the claim by Defendant that it did not timely receive a premium payment in 2021.

31. Defendant failed to properly apply the No-Lapse Guarantee and Cumulative Premium Test to avoid any lapse in the Policy.

32. Defendant never disclosed the reasons to Plaintiff for the massive COI rate increase.

33. Defendant never disclosed the actuarial justifications to Plaintiff for the massive COI rate increase.

ELECTRONICALLY FILED - 2024 Jan 16 3:02 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4000269

34. Defendant charged unreasonable, improper, excessive COI rates for the Policy, thereby extinguishing the cash value of the Policy.

35. Defendant imposed unreasonable COI rates that frustrated the Policy's purpose and undercut the Plaintiff's reasonable expectations.

36. Plaintiff reasonably expected that the COI rates would not be used to lapse the Policy and prevent it from receiving the death benefit.

37. Defendant intentionally raised COI rates so that Plaintiff would surrender the Policy or let it lapse.

38. Defendant deliberately priced the Policy to be unprofitable in later years in order to induce a lapse in the Policy.

39. Defendant was financially motivated to charge unreasonable and excessive COI rates on the Policy.

40. Defendant used improper factors to raise COI rates on the Policy.

41. Defendant's COI rate increase served impermissible purposes.

42. Defendant raised COI rates to increase its own revenue and profits.

43. Defendant designed higher COI rate charges to nullify interest rate guarantees and inflict a lapse of the Policy.

44. Defendant defied Policy terms and charged far more than it was allowed in order to cause a lapse in the Policy and attempt to avoid its obligations to pay death benefits and guaranteed interest in order to keep for itself decades' worth of premium payments.

45. Defendant withdrew far more COI from the Policy's accumulation value than the Policy allowed.

46. The COI rates are not properly based on the Policy's COI provision and have not been properly re-determined.

47. Plaintiff has been forced to pay excessive and inflated COI charges by Defendant.

48. Defendant's COI charges exceed what Defendant is contractually permitted to charge.

49. Defendant improperly profited at the expense of its policyholders by imposing a massive COI and expense charge on the Policy.

50. By imposing the improper COI charges, Defendant was motivated by greed, rather than by legitimate, good-faith commercial reason.

51. Each time Defendant used the excessive and increased COI rate to deduct from the Policy's accumulation value, it committed a separate breach and improper act.

52. Each application of the improper COI rate and each deduction of excessive cost of insurance charges by Defendant is a separate breach of contract and improper act.

53. As a direct and proximate result of Defendant's excessive and improper COI charges, its misconduct, its contractual violations, and its actions and/or omissions, Plaintiff has suffered financial loss, pecuniary harm, actual damages, consequential damages, and the purported lapse of the Policy.

## FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

54. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

55. Plaintiff and Defendant entered into a binding, enforceable contract supported by consideration in the form of the Policy.

56. Defendant breached the contract by deducting inflated, excessive, and unreasonable COI charges that were not allowed for by the Policy.

57. Defendant breached the contract by failing to properly redetermine COI rates.

58. Defendant breached the contract by considering factors not allowed by the contract to determine COI rates for the Policy.

59. Defendant breached the contract by failing to properly apply the No-Lapse Guarantee and Cumulative Premium Test.

60. Defendant breached the contract by lapsing the Policy.

61. Defendant breached the contract by failing to adjust COI rates in a manner favorable to the policyholders for the subject Policy.

62. Defendant breached the contract by basing its COI charges on non-permissible considerations.

63. Defendant breached the contract by not reducing its COI charges in light of the well-established decreased mortality rates.

64. Defendant knowingly caused the COI charges to be higher than what is explicitly authorized by the Policy.

65. Plaintiff and the named insured have performed all of their obligations under the Policy, except to the extent that their obligations have been excused by Defendant's conduct.

66. As a direct and proximate result of Defendant's material breaches of the contract, Plaintiff has, and will continue to be, damaged as alleged herein.

67. Plaintiff is informed and believes that it is entitled to enforcement of the contract or, reinstatement of the contract, and/or actual damages in an amount to be decided by a jury.

ELECTRONICALLY FILED - 2024 Jan 16 3:02 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4000269

## FOR A SECOND CAUSE OF ACTION

### (Conversion)

68. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

69. By withdrawing unreasonable and excessive COI charges from the cash value of the Policy, Defendant assumed the Plaintiff's money without authorization and exercised rights of ownership over the monies to the exclusion of the rights of the Plaintiff.

70. Defendant converted the cash value of the Policy that otherwise belonged to the Plaintiff in determinate sums.

71. As a result, Plaintiff suffered actual damages in the amount of the cash value of the Policy wrongfully reduced by Defendant by its improper deductions, without authorization from Plaintiff. Such improper deductions caused pecuniary loss and financial damage to Plaintiff, by reducing the cash value of the Policy that otherwise would have been available to Plaintiff and could have used toward any premiums or fees owed on the Policy.

72. Plaintiff seeks actual damages and punitive damages under this cause of action.

## FOR A THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

73. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

74. A fiduciary relationship existed between Plaintiff, Defendant, and the insured.

75. Defendant was bound to act in good faith and with due regard to Plaintiff and its insured.

76. Defendant owed a fiduciary duty to abstain from deducting unreasonable, excessive, inflated COI charges from the cash value of the Policy.

77. Defendant breached its fiduciary duty by deducting COI charges from the cash value of the Policy that were unreasonable, excessive, and inflated.

78. As a result of Defendant's breach of fiduciary duty, Plaintiff suffered pecuniary loss, actual damages, and consequential damages.

79. Plaintiff seeks actual damages and punitive damages under this cause of action.

### FOR A FOURTH CAUSE OF ACTION

### (Specific Performance)

80. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

81. Defendant improperly lapsed the Policy.

82. Defendant refused to properly apply the No-Lapse Guarantee and Cumulative Premium Test to avoid the Policy lapse.

83. Defendant deducted unreasonable, excessive, and inflated COI charges from the cash value of the Policy. Defendant's misconduct reduced the value of the Policy available for use toward premiums and fees.

84. The Policy and its provisions constitute clear evidence of a valid agreement between Plaintiff and Defendant.

85. Plaintiff executed its responsibilities under the Policy.

86. Defendant improperly lapsed and failed to reinstate the Policy.

87. Plaintiff remains able and willing to perform its part of the contract. The Policy should have held sufficient cash value to reduce any premium payment if Defendant had not

10

deducted exorbitant COI charges. Further, the Policy should not have lapsed when applying the No-Lapse Guarantee and Cumulative Premium Test.

88. Plaintiff requests specific performance in the form of reinstatement of the Policy after proper application of the No-Lapse Guarantee, Cumulative Premium Test, and after consideration of the cash value that should have been present in the Policy had Defendant not deducted excessive COI charges.

### FOR A FIFTH CAUSE OF ACTION

**(Breach of the Duty of Good Faith and Fair Dealing)**

89. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

90. Plaintiff and Defendant entered into a mutually binding contract for insurance coverage.

91. Implied in every contract made in South Carolina is a covenant of good faith and fair dealing.

92. The good faith obligation extends to the performance of all obligations undertaken by Defendant for Plaintiff and the named insured.

93. Defendant has breached the covenant of good faith and fair dealing by charging unreasonable and excessive cost of insurance rates that depleted the value of the Policy.

94. Defendant breached the covenant of good faith and fair dealing by lapsing the Policy after misappropriating the cash value of the Policy through improper cost of insurance deductions that were not contractually permitted.

95. Defendant breached the covenant of good faith and fair dealing by imposing unreasonable cost of insurance rates that frustrated the Policy's purpose and undercut the Plaintiff's reasonable expectations.

96. Plaintiff reasonably expected that the cost of insurance rates would not be used to prevent it from receiving death benefits and cash value of the Policy.

97. Defendant intentionally raised cost of insurance rates so that Plaintiff would surrender the Policy or let it lapse.

98. Defendant breached the covenant of good faith and fair dealing by not reducing its COI charges in light of the well-established decreased mortality rates.

99. As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff suffered pecuniary loss, actual damages, and consequential damages.

100. Plaintiff seeks actual damages and punitive damages under this cause of action.

## FOR A SIXTH CAUSE OF ACTION

### (Insurance Bad Faith)

101. Plaintiff restates and reallege each and every allegation as if repeated herein verbatim.

102. Plaintiff and Defendant entered into a mutually binding contract for insurance coverage. Implied in every contract made in South Carolina is a covenant of good faith and fair dealing.

103. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by improperly deducting charges not allowed for by the Policy.

104. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by improperly depleting the cash value of the Policy.

ELECTRONICALLY FILED - 2024 Jan 16 3:02 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4000269

105. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by lapsing the Policy.

106. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by charging unreasonable, improper, excessive COI rates for the Policy, thereby extinguishing the cash value of the Policy.

107. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by imposing unreasonable cost of insurance rates that frustrated the Policy's purpose and undercut the Plaintiff's reasonable expectations.

108. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by intentionally raising cost of insurance rates in order to lapse the Policy.

109. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by deliberately pricing the Policy to be unprofitable in later years in order to induce a lapse in the Policy.

110. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by using improper factors to raise COI rates on the Policy in order to increase its own revenue and profits.

111. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by designing higher COI rate charges to nullify interest rate guarantees and inflict a lapse of the Policy.

112. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by defying Policy terms and charging far more than it was allowed in order to cause a lapse in the Policy and attempt to avoid its obligations to pay death benefits and guaranteed interest.

113. Defendant has acted in bad faith and breached the covenant of good faith and fair dealing by withdrawing far more COI from the Policy's accumulation value than the Policy allowed.

114. Plaintiff has been directly and proximately damaged by Defendant's insurance bad faith.

115. Plaintiff is entitled to actual and consequential damages caused by Defendant's insurance bad faith and its acts and/or omission as well as punitive damages and attorney's fees as afforded under S.C. Code Ann. § 38-59-40.

## JURY DEMAND

116. Plaintiff demands that all causes of action that may be tried before a jury be so tried.

## DAMAGES

WHEREFORE, Plaintiff prays for the following relief against Defendant:

A. Actual damages;

B. Attorneys' fees and costs;

C. Statutory pre-judgment interest;

D. Statutory post-judgment interest;

E. Punitive damages;

F. Reinstatement of the Policy;

G. Judgment sufficient to adequately compensate Plaintiff for its damages; and

H. For such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2024 Jan 16 3:02 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4000269

        Respectfully Submitted,

        MIKE KELLY LAW GROUP, LLC

BY:    *s/Brad D. Hewett*
        Brad D. Hewett, SC Bar No. 77924
        bhewett@mklawgroup.com
        1523 Huger Street, Suite A (29201)
        PO Box 8113
        Columbia, SC 29202
        803/726-0123 office
        Attorney for Plaintiff

Columbia, South Carolina
January 16, 2024

15